# In the United States Court of Federal Claims

No. 21-1469
(Filed Under Seal: August 10, 2021)
Reissued: September 9, 2021[1]

|  |  |
|---|---|
| PAE AVIATION & TECHNICAL SERVICES, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| DYNCORP INTERNATIONAL, LLC, | ) ) |
| Defendant-Intervenor. | ) ) ) |

*Robert Nichols*, Nichols Liu, LLP, Washington, DC, for plaintiff.

*Kelly A. Krystyniak*, U.S. Department of Justice, Civil Division, Washington, DC, for defendant.

*Scott Michael McCaleb*, Wiley Rein, LLP, Washington, DC, for defendant-intervenor.

**OPINION & ORDER**

*SMITH*, **Senior Judge**

Before the Court is defendant's and defendant-intervenor's respective Motions to Dismiss Count VII to the Complaint under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") for failure to state a claim upon which relief can be granted.[2]

---

[1]    An unredacted version of this opinion was issued under seal on August 10, 2021.

[2]    On June 24, 2021, defendant-intervenor filed its Motion to Dismiss under Counts VII and I. *See generally* Defendant-Intervenor's Motion to Dismiss, ECF No. 22. On July 8, 2021, plaintiff voluntarily withdrew Count I of its Complaint. Plaintiff's Response to Defendant and Defendant-Intervenor's Motions to Dismiss at 2, ECF No. 33. Accordingly, the Court need not address Count I of the Complaint nor defendant-intervenor's theory of dismissal pertaining to this Count.

Additionally, before the Court is the plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order.  For the reasons discussed below, the Court grants defendant's and defendant-intervenor's Motion to Dismiss, denies plaintiff's Motion for Preliminary Injunction, and denies plaintiff's Motion for Temporary Restraining Order.

## I.      Background

### A.      General Facts and Procedural History

The plaintiff in this post-award bid protest, PAE Aviation & Technical Services, LLC ("PAE"), is the incumbent contractor for the U.S. Customs and Border Protection's ("CBP" or "Agency") National Maintenance and Logistics Support Contract ("NAMLS") — providing maintenance and logistics support services for the Agency's aircraft.  *See* Complaint at 3, ECF No. 1 [hereinafter Compl.].  On June 1, 2018, the Agency issued the Request for Proposals under solicitation no. 70B02C18R00000063 ("RFP" or the "Solicitation") with a twelve-month base period and nine one-year option periods.  *Id*. at 1, 3.

The Agency originally selected DynCorp International, LLC ("DynCorp") as the awardee.  *Id*. at 6.  On June 24, 2019, PAE and another offeror, Vertex, protested the award at the Government Accountability Office ("GAO").  *Id*. at 7.  On July 8, 2019, the Agency notified offerors of its intent to take corrective action.  *Id*.  PAE and DynCorp then filed numerous protests related to the scope of that corrective action.  *Id*.  On May 15, 2020, the Agency selected PAE for award.  *Id*. at 8.  On June 22, 2020, DynCorp filed a protest at the GAO.  *Id*.  On July 10, 2020, the Agency again took corrective action.  *Id*.  On January 28, 2021, the Agency informed PAE that it had awarded the successor contract to DynCorp.  *Id*.  On March 1, 2021, PAE protested this award at the GAO, which was ultimately denied on June 8, 2021.  *Id*. at 10. On June 14, 2021, plaintiff filed its Complaint with this Court.  *See generally* Compl.

Currently, plaintiff continues to operate through a bridge contract set to expire on September 30, 2021.  Plaintiff's Motion for Preliminary Injunction at 38, ECF No. 28 [hereinafter Pl.'s Mot. for Preliminary Injunction].  The Agency intends to initiate ***transition*** of the NAMLS contract to DynCorp during the pendency of this protest, with the period of performance to commence on October 1, 2021 — after resolution of this protest.  *See* Defendant's Response in Opposition to Plaintiff's Motion for Preliminary Injunction at 7, ECF No. 29 [hereinafter Def.'s Resp.].

## II.      Motions to Dismiss

On June 14, 2021, plaintiff filed its Complaint with this Court, alleging various errors with the Agency's award.  *See generally* Compl.  At issue is Count VII, wherein the plaintiff alleges that DynCorp exerted "improper political interference" which contributed to the Agency's award decision.  *Id*. at 22–25.  On June 24, 2021 defendant and defendant-intervenor filed their respective Motions to Dismiss Count VII to the Complaint.  *See generally* Defendant's Motion to Dismiss, ECF No. 23 [hereinafter Def.'s Mot. to Dismiss]; *see also* Defendant-Intervenor's Motion to Dismiss, ECF No. 22 [hereinafter Def.-Int.'s Mot. to Dismiss].  On July 8, 2021, plaintiff filed its Response to defendants' Motions.  *See generally* Plaintiff's Response

to Defendant and Defendant-Intervenor's Motions to Dismiss, ECF NO. 33 [hereinafter Pl.'s Resp. to Mots.' to Dismiss].  On July 12, 2021, defendant and defendant-intervenor filed their respective replies to plaintiff's Response.  *See generally* Defendant's Reply in Support of its Motion to Dismiss, ECF No. 38 [hereinafter Def.'s Reply in Support of its Mot. to Dismiss]; *see also* Defendant-Intervenor's Reply in Support of its Motion to Dismiss, ECF No. 36 [hereinafter Def.-Int.'s Reply in Support of its Mot. to Dismiss].

**A.      Standard of Review**

Defendant moves to dismiss Count VII of Plaintiff's Complaint under RCFC 12(b)(6) for failure to state a claim upon which relief may be granted.  To survive dismissal, plaintiff's Complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has "facial plausibility" when the "plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (emphasis added).  Importantly, *Iqbal* has clarified that the requirement for a claim to have "facial plausibility" is not akin to a "probability requirement"; rather, the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.

The Court will start its inquiry by identifying pleadings that "are no more than conclusions," such that they are not entitled to the assumption of truth.  *Iqbal*, 556 U.S. at 679.  In other words, "the court must not mistake legal conclusions presented in a complaint for factual allegations which are entitled to favorable inferences."  *Peraton Inc. v. United States*, 146 Fed. Cl. 94, 100 (2019) (internal citations omitted).  Indeed, the Court will assume the veracity of well-pleaded *factual allegations*, and then "determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679.

Next, the Court will determine whether a complaint has stated a *plausible claim for relief*, a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id*. (citing Fed. R. Civ. P. 8(a)(2)).  The Court will analyze whether well-pleaded factual allegations nudge plaintiff's claim "across the line from conceivable to plausible."  *Id*. at 680; *see also Harmonia Holdings Grp., LLC v. United States* 999 F.3d 1397, 1405 (Fed. Cir. 2021).

**B.      Analysis on Count VII**

Defendant's Motion to Dismiss argues that Count VII of plaintiff's Complaint should be dismissed because plaintiff has not put forth facts sufficient to support a plausible claim.  *See* Def.'s Mot. to Dismiss at 4.  Defendant argues that plaintiff has hinged its argument on two facts of public record which do not meet the 12(b)(6) standard as articulated above.  Specifically, defendant argues that plaintiff's allegation of "political interference" depends on two facts: (1) DynCorp hired a lobbyist shortly before the Agency's decision to take corrective action, and (2) Dyncorp's ██████████████████████████████████ contributed

-3-

money to political action committees during the 2020 presidential-election cycle to support former President Trump. *Id*. at 6; *see also* Def.'s Reply in Support of its Mot. to Dismiss at 2. Defendant posits that these facts are not enough for plaintiff's allegation to survive this Court's 12(b)(6) review. *See* Def.'s Mot. to Dismiss at 4–8. Defendant-intervenor similarly argues that plaintiff's Complaint does not have any specific factual allegation that the Agency engaged in improper evaluation or source selection activity that compromised competition. *See* Def.-Int.'s Mot. to Dismiss at 12. Additionally, defendant-intervenor argues that allegations of lobbying activity or political contributions do not plausibly lead to inferences of impropriety. *Id*. at 13–17.

Plaintiff's Response to Defendants' Motions to Dismiss argue that it has pled sufficient facts to "state a plausible claim of improper political influence and bias." Pl.'s Resp. to Mots.' to Dismiss at 3. Specifically, plaintiff argues that the public and undisputed facts show that DynCorp lobbied the Agency and the Department of Homeland Security ("DHS"), and that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ made "hefty" contributions to President Trump at "exactly the same time period" that the Agency took corrective action, re-evaluated proposals, and awarded to DynCorp. *Id*. Additionally, plaintiff argues that defendants' arguments prematurely address the merits, which are inapplicable at this stage of the proceeding. *Id*. at 4–7.

After careful review of the briefs, the Court finds that plaintiff has not met the pleading standard to survive a motion to dismiss under RCFC 12(b)(6). The Court starts its inquiry by identifying factual allegations that warrant an assumption of truth versus legal conclusions which are not entitled to a favorable inference. The parties present two undisputed facts: (1) DynCorp lobbied the Agency and DHS before the award to DynCorp, and (2) ▓▓▓▓▓▓▓▓▓▓ DynCorp's ▓▓▓▓▓▓▓▓▓ made contributions to political action committees supporting then-President Trump. Plaintiff argues that given these facts and timeline, there is a plausible claim of political interference and bias. Plaintiff's claim is a legal conclusion of political interference and bias which is *not* entitled to a favorable inference. *See Peraton*, 146 Fed. Cl. at 100 (stating that "the court must not mistake legal conclusions presented in a complaint for factual allegations which are entitled to favorable inferences."). It is also not supported by any facts beyond the hiring of a lobbyist and the contribution by ▓▓▓▓▓▓▓ DynCorp. What is missing is any scintilla of evidence that any government official did anything wrong.

However, even if this Court were to construe plaintiff's claim as a factual allegation, entitling it to a favorable inference, plaintiff has not provided a plausible claim for relief under 12(b)(6). *See id*. To determine whether factual allegations plausibly give rise to an entitlement to relief, the Court will engage in a "context-specific task" in which the Court will draw on its "judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Here, the pleaded facts do not permit the Court to infer more than the *mere possibility* that the Agency acted based on improper political influence and bias. *See id*. ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"). In other words, there is no link or causal connection between the facts provided and the alleged misconduct. *See Harmonia Holdings Grp., LLC*, 999 F.3d at 1407 (holding that a plaintiff must plead sufficient factual allegations to demonstrate "the indicia of [impropriety] were so compelling that the contracting officer necessarily abused his discretion. . . ."). Further, the Court finds nothing improper with legal

-4-

campaign contributions or the act of retaining a lobbyist.  Unless plaintiff can provide something more — factual allegations that would nudge plaintiff's claim "across the line from conceivable to plausible" — this Court is unpersuaded by plaintiff's arguments.  *Iqbal*, 556 U.S. at 680.  Accordingly, defendant's and defendant-intervenor's Motions must be granted.

### III.    Injunction

On June 28, 2021, plaintiff filed its Motion for Preliminary Injunction, seeking to enjoin the Agency from commencing transition activities.  *See generally* Pl.'s Mot. for Preliminary Injunction.  On July 1, 2021, defendant filed its Response, generally asserting that plaintiff's Motion fails to meet the preliminary injunction standard.  *See generally* Def.'s Resp.  On that same day, defendant-intervenor filed its Response, raising similar arguments.  *See generally* Defendant-Intervenor's Response in Opposition to Plaintiff's Motion for Preliminary Injunction, ECF 30 [hereinafter Def.-Int.'s Resp. in Opp. to Pl's Mot. for Preliminary Injunction].

Shortly afterwards, on July 9, 2021, plaintiff filed its Motion for Temporary Restraining Order — reiterating the arguments in its Motion for Preliminary Injunction.  *See generally* Plaintiff's Motion for Temporary Restraining Order, ECF No. 35 [hereinafter Pl.'s Mot. for TRO].  On July 12, 2021, defendant-intervenor responded to plaintiff's Motion for Temporary Restraining Order.  *See generally* Defendant-Intervenor's Response to Plaintiff's Motion for Temporary Restraining Order, ECF No. 37 [hereinafter Def.-Int.'s Resp. to Pl.'s Mot. for TRO].  On July 19, 2021, defendant filed its Response to Plaintiff's Motion for Temporary Restraining Order.  *See generally* Defendant's Response to Plaintiff's Motion for a Temporary Restraining Order, ECF No. 42 [hereinafter Def.'s Resp. to Pl.'s Mot. for TRO].  Plaintiff's Motions are fully briefed and ripe for review.

Preliminary injunctions and temporary restraining orders are "extraordinary and drastic remed[ies] . . . that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted).  A plaintiff seeking a preliminary injunction or a temporary restraining order must establish the following: "(1) that [it] is likely to succeed on the merits, (2) that [it] is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in [its] favor, and (4) that an injunction is in the public interest.'"[3]  *Am. Signature, Inc. v. United States*, 598 F.3d 816, 823 (Fed. Cir. 2010) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  "No single factor is determinative, and the weakness of the showing regarding one factor may be overborne by the strength of the others."  *Munilla Constr. Mgmt., LLC v. United States*, 130 Fed. Cl. 131, 135 (2016) (internal citations omitted).  However, at the same time, "'the absence of an adequate showing with regard to any one factor may be sufficient, given the weight or lack of it assigned [to] the other factors, to justify . . . denial.'"  *Id.* (quoting *Chrysler Motors Corp. v. Auto Body Panels of Ohio, Inc.*, 908 F.2d 951, 953 (Fed. Cir. 1990)).

---

[3]    "The standards for determining whether to grant a temporary restraining order are the same as those that apply to a motion for a preliminary injunction."  *Munilla Constr. Mgmt., LLC v. United States*, 130 Fed. Cl. 131, 135 (2016).

Upon careful review and for the reasons stated below, the Court finds that an award of temporary and preliminary injunctive relief is inappropriate in this case.

First, the Court finds that plaintiff has not demonstrated that it is likely to succeed on the merits. Plaintiff has not shown overwhelming evidence that it is right and defendant is wrong. While plaintiff alleges numerous Agency errors, defendant has presented a reasonable response. Plaintiff cannot prevail on a preliminary injunction so the Court must resolve this case in a final decision. Plaintiff's allegations include the following: (1) CBP's failure to evaluate DynCorp's cost proposal in light of a recent change in corporate ownership, (2) CBP's erroneous evaluation of plaintiff's labor proposal and failure to seek clarifications, (3) CBP's unequal treatment in the evaluation of the parties' proposals, (4) DynCorp's wrongful political interference in the procurement process, and (5) CBP's failure to amend the solicitation to reflect its changed needs. Pl.'s Mot. for Preliminary Injunction at 13–36; *see also* Compl. Under the APA standard of review, agency procurement actions may be set aside if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 28 U.S.C. § 1491(b)(4); 5 U.S.C. § 706(2)(A). The arbitrary and capricious standard, applicable here, is a highly deferential one. *See Advanced Data Concepts, Inc. v. United States*, 216 F.3d 1054, 1058 (Fed. Cir. 2000). Thus, "[i]f the [C]ourt finds a reasonable basis for [an] agency's action, the [C]ourt should stay its hand even though it might, as an original proposition, have reached a different conclusion as to the proper administration and application of the procurement regulations." *Honeywell, Inc. v. United States*, 870 F.2d 644, 648 (Fed. Cir. 1989) (quoting *M. Steinthal & Co. v. Seamans*, 455 F.2d 1289, 1301 (D.C. Cir. 1971)). Accordingly, plaintiff bears a ***heavy*** burden in order to prevail in this protest. *See Impresa*, 238 F.3d at 1338 (emphasis added).

Next, the Court concludes that plaintiff has failed to demonstrate that it is likely to suffer irreparable harm in the absence of preliminary or temporary relief. In its Motion, plaintiff asserts that it will be irreparably harmed if transition of the contract to DynCorp occurs for the following reasons: (1) "DynCorp's transition will allow it to appropriate PAE's technical efficiencies and cost savings[,]" and (2) DynCorp's transition will result in "incumbent employee turnover." Pl.'s Mot. for Preliminary Injunction at 9, 12. Specifically, plaintiff alleges that its cost proposal was "informed by [its] role as the incumbent contractor for the last [eleven] years of this contract." *Id*. at 9. Thus, if transition is to occur, DynCorp will gain insight into PAE's concept of operations — to PAE's competitive disadvantage in a potential recompete. *Id*. at 9–10. Further, plaintiff posits that, as DynCorp proposed to hire many of PAE's incumbent personnel, it fully expects DynCorp to engage in aggressive efforts to capture its incumbent workforce. *Id*. at 12. Finally, plaintiff cautions that if an injunction is not issued, it will be obligated, under the Worker Adjustment and Retraining Notification ("WARN") Act, to inform its employees no later than August 1, 2021 of an impending mass lay off — which would be premature, given that the Court would not have had an opportunity to weigh in on the merits of this protest. *Id*.; *see also* 29 U.S.C. §§ 2101–09 (WARN Act).

In response, defendant avers that the harms plaintiff identifies do not constitute irreparable harm as they are routine consequences of an incumbent contractor losing an award and commencing transition. Def.'s Resp. at 9. Defendant maintains that "the harm PAE

identifies [is] *contingent* employment offers and DynCorp['s] access to *government-owned* information." *Id*. (emphasis in original).  If such harms typically met the standard, "only in rare instances would the commencement of transition activities not justify a preliminary injunction." *Id*. at 1 (emphasis omitted).  Based on the above, defendant asserts that "[plaintiff's] [M]otion is a transparent request that it be awarded an ***additional*** bridge contract regardless of the outcome of this protest, ensuring that, even if the Government does prevail, DynCorp [will] not be prepared to begin performance on October 1[, 2021.]"  *Id*. at 10 (emphasis added).

Upon careful review, the Court agrees with defendant's arguments and finds that plaintiff's allegations of injury fail to demonstrate irreparable harm.  It is well-settled precedent that "'[a] preliminary injunction will not [be] issued simply to prevent a mere possibility of injury, even where prospective injury is great. A presently existing, actual threat must be shown.'"  *Eskridge Rsch. Corp. v. United States*, 92 Fed. Cl. 88, 98 (2010) (quoting *Qingdao Taifa Grp. Co. v. United States,* 581 F.3d 1375, 1379 (Fed. Cir. 2009) (citation omitted)).  "Such a threat of imminent, irreparable injury exists when a plaintiff shows that, absent a preliminary injunction, it would be deprived of the ***only*** remedy available were it to succeed on the merits." *IBM Corp. v. United States*, 118 Fed. Cl. 677, 683 (2014) (citations omitted) (emphasis added).

In this case, plaintiff admits that it holds a bridge contract with the Agency, expiring on September 30, 2021.  Pl.'s Mot. for Preliminary Injunction at 38.  Meanwhile, oral argument on the parties' Cross-Motions for Judgment on the Administrative Record is scheduled for September 8, 2021.  *See* Scheduling Order, ECF No. 44.  Given the expedited timeline, the Court will be able to decide the merits of plaintiff's protest ***before*** the expiration of plaintiff's bridge contract.  Further, and most importantly, the transition activities the Agency seeks to commence are standard in the procurement context.  *See* Def.'s Resp. at 1 (Transition activities include "receiving and reviewing contract performance data, conducting inventories . . . , and issuing contingent job offers to current PAE employees.").  While the Court recognizes that such transition activities ***may*** expose DynCorp to propriety information, such information is *government-owned* and will be limited in scope.  Based upon the above, the Court finds that plaintiff's Motion fails to establish irreparable harm and a preliminary injunction is not a proper remedy for PAE to litigate its claims.  *See Eskridge*, 92 Fed. Cl. at 98.

Lastly, the Court finds that the balance of equities and public interest tips against an award of temporary or preliminary relief.  In its Response, defendant indicated that the Agency would suffer ***immense*** harm if DynCorp is not permitted to begin transition, and ultimately full performance, as soon as possible.  Def.'s Resp. at 15 (emphasis added).  This is because the contract at issue includes a new requirement that a contractor have a Safety Management System that it will merge with the Agency's ***before*** full performance is to commence.  *Id*.  (emphasis added).  Thus, if DynCorp is not permitted to begin the process of aligning its system with the Agency's, a necessary transition activity, the aircraft maintenance and safety failures that would follow could be disastrous.  *Id*. at 16.  Further, without the commencement of transition, and if the Government prevails in this protest, DynCorp will not be prepared to begin performance on October 1, 2021 — after the Court issues its decisions on the merits.  *Id*. at 10.

Taken together, the Court concludes that plaintiff has not demonstrated that the balance of equities and public interest favors granting the extraordinary relief it seeks.

**IV.     Conclusion**

For the reasons set forth above, defendant's Motion to Dismiss is hereby **GRANTED**, defendant-intervenor's Motion to Dismiss is hereby **GRANTED**, plaintiff's Motion for Preliminary Injunction is hereby **DENIED**.  For the same reasons as the Motion for Preliminary Injunction, plaintiff's Motion for Temporary Restraining Order is hereby **DENIED**.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge